

U.S. Department of Justice

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*       *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 26, 2023

Mark W. Pearlstein, Esq.
McDermott Will & Emery
200 Clarendon Street, Floor 58
Boston, Massachusetts 02116

      Re:    United States v. Rudolph Ferrucci

Dear Mr. Pearlstein:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Rudolph Ferrucci ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Plea</u>

At the earliest practicable date, Defendant will waive Indictment and plead guilty to Counts One and Two of the attached Information, which respectively charge tax evasion, in violation of 26 U.S.C. § 7201, and failure to pay over taxes, in violation of 26 U.S.C. § 7202. Defendant admits that Defendant committed the crimes specified in the Information and is in fact guilty of the crimes. Defendant agrees to the accuracy of the facts set forth in the Information.

      2.    <u>Penalties</u>

Defendant faces the following maximum penalties on both Count One and Count Two: incarceration for five years; supervised release for three years; a fine of $250,000, or twice the gross gain or loss, whichever is greater; and a mandatory special assessment of $100.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.  Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 15:

    a) Defendant's base offense level is 18, because the tax loss caused by his offenses, including all relevant conduct, was more than $250,000, but not more than $550,000 (USSG §§ 2T1.1(a)(1) and 2T4.1(G));

    b) Defendant's offense level is decreased by three, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration at the low end of the Guidelines sentencing range as calculated by the parties in Paragraph 3;

    b) a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 12 months of supervised release; and

    d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing.

Defendant may recommend a sentence other than the sentence recommended by the U.S. Attorney under this agreement, provided that Defendant agrees to recommend that the Court order restitution as specified below.

Pursuant to 18 U.S.C. § 3663(a)(3), the parties agree jointly to recommend that the Court order restitution to the Internal Revenue Service ("IRS") in the amount of $155,445.

In addition, the parties agree jointly to recommend the following special condition of any term of supervised release or probation. During the period of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:

    a) cooperate with the Examination and Collection Divisions of the IRS;

    b) provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    c) provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    d) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    e) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

5.    <u>Protection of Assets for Payment of Restitution and Fine</u>

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer, (a) any asset restrained by the Court or which Defendant has agreed to forfeit under this Agreement; or (b) any other asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above. Provided that Defendant has paid restitution of at least $155,445 to the Internal Revenue Service, Defendant is free to transfer, or to cause or allow others to transfer:

    a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $50,000;

    b) Ordinary living expenses, so long as such assets do not exceed $50,000 per month; and

    c) Attorney's fees incurred in this criminal case.

The prohibitions in this paragraph remain in effect until Defendant has paid any fine, or restitution ordered by the Court.

Defendant also agrees to complete, truthfully and accurately, the enclosed sworn financial statement within 30 days of signing this Agreement.

6.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge any prison sentence of 24 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 18 months or more.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or

4

a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney David M. Holcomb.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: _____
STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit
SETH B. KOSTO
Deputy Chief
Securities, Financial & Cyber Fraud Unit

_____
DAVID M. HOLCOMB
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for that crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

*Rudolph Ferrucci*
RUDOLPH FERRUCCI
Defendant

Date: 5/23/23

I certify that Rudolph Ferrucci has read this Agreement and that we have discussed what it means. I believe Rudolph Ferrucci understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a plea in this case.

MARK W. PEARLSTEIN, ESQ.
Attorney for Defendant

Date: 5/24/23